# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1264V
### Filed: May 20, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| LINDA K. SCHUPP, | * |
| | * |
| Petitioner, | *      Damages Decision Based on Proffer; |
| v. | *      Influenza ("Flu") Vaccine; Shoulder |
| | *      Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH | *      ("SIRVA"); Special Processing Unit |
| AND HUMAN SERVICES, | *      ("SPU") |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Brian L. Cinelli, Marcus & Cinelli, LLP, Williamsville, NY, for petitioner.*
*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On October 27, 2015, Linda K. Schupp ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered pain in her left shoulder secondary to an influenza ("flu") vaccine she received on September 17, 2013. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 22, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation. On May 20, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $111,515.80. Proffer at 2. In the Proffer, respondent represented that petitioner agrees with the proffered

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $111,515.80, representing compensation for pain and suffering ($110,000.00), and past unreimbursable expenses ($1,515.80), in the form of a check payable to petitioner, Linda K. Schupp.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

```
_____
                                        )
LINDA K. SCHUPP,                        )
                                        )
                Petitioner,             )
                                        )        No. 15-1264V
v.                                      )        Chief Special Master Dorsey
                                        )        ECF
SECRETARY OF HEALTH AND                 )
HUMAN SERVICES,                         )
                                        )
                Respondent.             )
_____)
```

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.  Items of Compensation

A.  Future Medical Care Expenses

Respondent proffers that based on the evidence of record, petitioner is not entitled to an award for projected unreimbursable medical care expenses incurred from the date of judgment as provided under 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

B.  Lost Earnings

Respondent proffers that based on the evidence of record, petitioner is not entitled to an award for lost earnings as provided under 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

C.  Pain and Suffering

Respondent proffers that the Court should award Linda K. Schupp a lump sum of $110,000.00 for her actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

1

D.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents Linda K. Schupp's expenditure of past unreimbursable expenses as a result of her vaccine-related injury.  Respondent proffers that the Court should award Linda K. Schupp a lump sum of $1,515.80 for past unreimbursable expenses as provided under 42 U.S.C. § 300aa-15(a)(1)(A).   Petitioner agrees.

E.  Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens related to her vaccine-related injury.

## II.  **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $111,515.80, representing compensation for pain and suffering ($110,000.00), and past unreimbursable expenses ($1,515.80), in the form of a check payable to petitioner, Linda K. Schupp.

## III.  **Summary of Recommended Payment Following Judgment**

Lump sum payable to petitioner:                                   **$111,515.80**


Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.

2

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch, Civil Division


s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 616-4138

Dated: May 20, 2016